JESSE W. WILLSON v. L. C. PHILLIPS AND SUSAN P. SMITHER.

In a suit for improved town lots, the plaintiff derived his title by purchase at sheriff's sale under executions against the defendant's vendor as principal and himself (the plaintiff,) as surety. The defendant answered to the effect that the property was the homestead of the defendant at the time of the execution sale, and that, at the date of the judgments from which the executions issued, it was the homestead of the defendant's vendor. By amendment the plaintiff replied that the defendant, when he purchased the lots, undertook to pay, as part of the purchase money, the judgments under which the plaintiff claimed title as purchaser. *Held*, that, although the judgments may not have been liens on the property as judgments, yet that the plaintiff, after satisfying them, would have had a lien for their amount upon the property, and a right to the enforcement of such lien ; and that it was error, therefore, to sustain exceptions taken by the defendant to the plaintiff's amendment.

APPEAL from Walker. Tried below before the Hon. Peter W. Gray.

The appellant, Willson, brought this suit originally in the form of an action of trespass to try title, in order to recover of Phillips, one of the appellees, two town lots and their improvements in the town of Huntsville.

The appellee, Susan P. Smither, asked to be made defendant, and filed the following answer :

"Now comes Susan P. Smither, a resident citizen of the county of Walker in this State, and says she is the legal owner of the premises described in plaintiff's petition, and the lessor of the same to the defendant Phillips, and was such owner and lessor at the institution of this suit, and asks that she be permitted to file the following answer in said cause, and defend said suit.

"And for answer to plaintiff's petition, this defendant says, she is the surviving wife of Joseph A. Smither, lately deceased of this county, intestate. That after her intermarriage, and on or about the 28th of June, 1858, the said Joseph A. Smither purchased the lots sued for, with their improvements, of W. J. Viser, and from thence until his death, which occurred in the fall of 1858, with his family used, occupied, and held them as his homestead.

She further says that at the time he purchased them, and for a year or more next prior thereto, they were the homestead of the said Viser, who was also a married man and with his family resided on said lots and used, occupied and enjoyed them as such. And at the time the said Joseph A. purchased as aforesaid from said Viser, the latter was still due and owing his vendor of said lots, G. W. Grant, a balance of about one hundred and six dollars and forty cents of the purchase money therefor; and said Grant had never executed a deed of conveyance to said Viser for said lots. This balance the said Joseph A., by agreement with said Viser and Grant, paid said Grant and took a deed of conveyance to said lots from him; which deed, acknowledged and recorded in the records of Walker county, is dated June 28th, 1858, and is herewith filed as part of this answer.

"Defendant further says that the lots sued for constituted the only real estate owned by the said Joseph A. at his death. That he left no children and there has been no administration on his estate;—all which she is ready to verify," &c.

The plaintiff amended and replied as follows: "That he ought not to be precluded from having and maintaining his said action for anything alleged in said answer, because he says that at the Spring Term, 1858, of Walker county District Court, two several judgments were recovered against W. J. Viser, the vendor of respondent's intestate, and your petitioner as his surety; one in favor of John Branch for one hundred and fifty-four dollars and costs of suit, and the other in favor of Aaron Frisby for one hundred and thirty-three dollars and forty-three cents, and costs of suit; which were subsisting liens upon the interest of said Viser in the premises sued for at the time of the purchase thereof by respondent's intestate, of which he had notice; and by virtue of executions legally issued upon said judgments, the premises sued for were levied upon by the sheriff of said county and sold on the first Tuesday in January, 1859; at which sale your petitioner became the purchaser for the sum of fifty dollars, that being the highest bid, upon payment thereof received a conveyance from the sheriff for the premises sued for. He further says that the consideration of the debts upon which said judgments were obtained

was partly applied by the said Viser in payment to his vendor for the premises sued for. He further states that, by agreement of parties, the payment by respondent's intestate of judgments was a part of the consideration of his purchase of the premises sued for from his vendor, Viser, which agreement respondent's intestate failed and refused to carry out in good faith, although requested so to do by his vendor, Viser; in consequence whereof, said judgments remaining unsatisfied, executions were issued thereon and levied on the premises, under which the sale took place at which your petitioner became the purchaser as before stated, and was compelled also to pay, as surety, the balance due on said judgments, not satisfied by the levy and sale under said executions. Your petitioner denies that the premises sued for were, in a legal sense, the homestead of respondent's intestate or of his vendor, Viser, at the date of said judgments or at any time since. But should the court, from the proof, hold otherwise, and also hold that said premises, under the special facts, were not subject to sale under said executions, then your petitioner, upon the equity of his case, asks for a decree against defendant Susan P. Smither for the amount he has been compelled to pay on said judgments, with interest; and that said premises be sold as under execution to satisfy the same," &c.

To this replication of the plaintiff, the defendant excepted for insufficiency. The court sustained the exception, which ruling the appellant assigns for error.

Verdict and judgment for the defendant; motion for new trial overruled, and plaintiff appealed.

*A. P. Wiley*, for the appellant.

*Leigh & Baker*, for the appellee.

BELL, J.—We are of opinion that the court below erred in sustaining the exception of the defendants to the amendment of the plaintiff filed on the 8th of November, A. D. 1859. That amendment alleged that when Joseph A. Smither purchased the premises in question from W. J. Viser, he undertook, as a part of

35*

Willson v. Phillips.

the consideration of the purchase, to pay the judgments against Viser in favor of Branch and Frisby, under which judgments the plaintiff claimed title as purchaser. If this were so, then, although the judgments might not, perhaps, have been a lien on the premises in question as judgments, the plaintiff would have had a lien upon the premises to the amount of the judgments, after he had satisfied them, which lien he would be entitled to enforce. We have doubted the propriety of reversing the judgment for the error of the court in sustaining the exception of the defendants to the amended petition or replication, because the error does not seem to be relied on, and it would not be a violent presumption, from the whole record, that the plaintiff could not establish by proof, the allegation to which reference has been made. But the error is assigned and is not expressly waived, and we deem it most proper to give the appellant the benefit of the assignment of the error. We perceive no error in the charge of the court below to the jury; nor was it error to refuse the instruction asked by the counsel for the plaintiff below, because the facts in evidence did not warrant such an instruction.

The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.